Catron, J.
delivered the opinion of the court.
Will a writ of error lie in a case of contempt in the face of a court of justice? This court, in ex parte Shumate at Nashville, in 1823 or 1824, decided that a writ of error did not lie in such a case. Much pains was taken with that opinion, where the authorities were cited. It is most obvious, that if a writ of error did lie from a judgment for a contempt, courts of justice, as such, could not exist to any useful purpose in times of excitement and turbulence, because they could not protect themselves from assaults that would prevent their sittings. Suppose individuals were to attack the court, to prevent its sittings; the judge was to order them to be imprisoned by the sheriff, with the power of the county; a writ of error was prayed and the assault renewed; the parties again ordered tobe imprisoned; a writ of error again prayed; the privilege that would allow the writ of error once, would extend it to an offender times without number, and leave him at large, to the destruction of the court as a judicial tribunal. But if no writ of error is allowed, the sheriff and power of the county would secure the offenders, and leave the court free to perform its duties.
Suppose a criminal cause on trial before a jury, and a witness refuse to give evidence in contempt of the court; he was ordered to be imprisoned, to coerce him to depose in behalf of the defendant or State; he prayed a writ of error, and continued at large; how would it be possible to coerce him to depose? To the same end as imprisonment may a fine be imposed by the court, not exceeding fifty dollars.
The foregoing are given as instances why, consistently with the existence of courts of justice, writs of error dare not be allowed to revise judgments for contempt. Not that the present case presents the least enormity. The facts as set forth in the bill of exceptions, show very slight misbehavior by a member of the bar; still were the *458 writ of error entertained in this case, it would equally lie in every other, the most enormous and aggravated. Of the facts constituting the offence, every court in the gtate ]s presume(} to be equally competent to judge, and there is just as little cause to complain of the judgment of the county court, as there would be of one rendered by this court, in a similar case, from which there would be no relief. If an individual was unlawfully imprisoned by any court of justice, no doubt relief could be afforded by the constitutional writ of habeas corpus; but against a sentence imposing a fine of fifty dollars, there can be no relief.
The circuit court having no jurisdiction, erred in giving judgment against Mr. Martin. The case should have been dismissed without costs. This court should do what the circuit court should have done; hence sets aside the judgment of the circuit court, and dismisses the case. We hold it, an appeal in error will lie from a void judgment, by virtue of our acts of assembly; but no judgment for costs can be given against the defendant, because the costs must go with the cause; nor can any judgment for costs, on setting aside the judgment of the circuit court, be given in this instance, because there is no defendant in error, the State being no party to the Sentence, although the manner of disposing of the fine is provided for.

Appeal dismissed.